UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-62544-CIV-BLOOM

KIM PATRICK JOHNSON,

      Plaintiff,
v.

BENNETT AUTO SUPPLY, INC., a
Florida corporation,

      Defendant.
_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Bennett Auto Supply, Inc. ("Bennett Auto"), by and through its undersigned counsel, hereby states the following in answer to, and in defense of, the allegations contained within the Plaintiff's First Amended Complaint [D.E. 23]:

1.    As to the purported nature of the Complaint, Bennett Auto admits only that Plaintiff alleges that this is an action arising under the Americans with Disabilities Act for alleged unlawful employment practices. Bennett Auto denies that any discrimination or unlawful employment practices occurred, denies that any form of damages are owed to the Plaintiff whatsoever, and denies all other allegations contained or implied within paragraph one.

2.    Bennett Auto denies the allegations contained in paragraph two.

3.    Bennett Auto is without knowledge concerning the allegations contained in paragraph three, and therefore denies them.

4.    Bennett Auto denies the allegations contained in paragraph four.

5.    Bennett Auto denies the allegations contained in paragraph five.

6. Bennett Auto is without knowledge concerning the allegations contained in paragraph six, but admits that it has its corporate headquarters in Pompano Beach, Florida.

7. Bennett Auto denies the allegations contained in paragraph seven.

8. Bennett Auto denies the allegations contained in paragraph eight.

9. Bennett Auto denies the allegations contained in paragraph nine.

10. Bennett Auto denies the allegations contained in paragraph ten.

11. Bennett Auto denies the allegations contained in paragraph eleven.

12. Bennett Auto denies the allegations contained in paragraph twelve.

13. Bennett Auto denies the allegations contained in paragraph thirteen.

14. Bennett Auto denies the allegations contained in paragraph fourteen.

15. Bennett Auto denies the allegations contained in paragraph fifteen.

16. Bennett Auto denies the allegations contained in paragraph sixteen.

17. Bennett Auto denies the allegations contained in paragraph seventeen.

18. Bennett Auto denies the allegations contained in paragraph eighteen.

19. Bennett Auto denies the allegations contained in paragraph nineteen.

20. Bennett Auto denies the allegations contained in paragraph twenty.

21. Bennett Auto denies the allegations contained in paragraph twenty-one.

22. Bennett Auto denies the allegations contained in paragraph twenty-two.

23. Bennett Auto denies the allegations contained in paragraph twenty-three.

24. Bennett Auto denies the allegations contained in paragraph twenty-four.

25. Bennett Auto denies the allegations contained in paragraph twenty-five.

26. Bennett Auto denies the allegations contained in paragraph twenty-six.

27. Bennett Auto denies the allegations contained in paragraph twenty-seven.

28. Bennett Auto denies the allegations contained in paragraph twenty-eight.

29. Bennett Auto denies the allegations contained in paragraph twenty-nine.

30. Bennett Auto denies the allegations contained in paragraph thirty.

31. Bennett Auto denies the allegations contained in paragraph thirty-one.

32. Bennett Auto denies the allegations contained in paragraph thirty-two.

33. Bennett Auto denies the allegations contained in paragraph thirty-three.

34. Bennett Auto denies the allegations contained in paragraph thirty-four.

35. Bennett Auto denies the allegations contained in paragraph thirty-five.

36. Bennett Auto denies the allegations contained in paragraph thirty-six.

37. Bennett Auto denies the allegations contained in paragraph thirty-seven.

38. Bennett Auto denies the allegations contained in paragraph thirty-eight.

39. Bennett Auto denies the allegations contained in paragraph thirty-nine.

In response to the unnumbered *ad damnum* clause which follows paragraph 39 of the Complaint, Bennett Auto denies that Plaintiff is entitled to judgment in his favor, denies that Plaintiff is entitled to any of the relief sought, and denies that Bennett Auto are in any way liable to the Plaintiff. Bennett Auto denies any and all allegations contained or otherwise implied within the unnumbered *ad damnum* clause which follows paragraph 39.

In response to the Plaintiff's jury demand, the Bennett Auto admits that the Plaintiff has requested a trial by jury in this case.

## AS TO GENERAL ALLEGATIONS AND ALL COUNTS

Each and every allegation of the Complaint which is not specifically admitted by Bennett Auto is denied.

## AFFIRMATIVE DEFENSES AND DEFENSES

FIRST DEFENSE

The Plaintiff's claims are without merit because he cannot establish a prima facie case of discrimination including that he was disabled as defined by the statute under which he has brought suit, as, for example, the Plaintiff is not a qualified individual with a disability who can perform the essentially functions of his position, without endangering himself and others with whom he worked and for whom he worked, and Bennett Auto had no knowledge that Plaintiff actually had a disability (he wrecked a company vehicle while on duty and the policy is that such requires termination and Plaintiff had a whole slew of discipline). The only adverse employment action that he suffered was termination, but that was wholly removed from any counter position that he had years earlier.

SECOND DEFENSE

The Plaintiff's claims are without merit, because he will not be able to show that all of Bennett Auto's legitimate, non-discriminatory reasons concerning his termination are pretexts to mask unlawful discrimination, will not be able to rebut Bennett Auto's legitimate, non-retaliatory reasons concerning any actions it took concerning Plaintiff, and will not be able to show that disability discrimination was the real reason Bennett Auto took any employment action against him.

THIRD DEFENSE

Plaintiff's claims are barred to the extent that he simply tries to recast the Bennett Auto's proffered non-discriminatory reasons, and/or tries to substitute his business/religious judgment for that of the Bennett Auto.

FOURTH DEFENSE

Plaintiff is not entitled to any compensatory damages because Bennett Auto did not discriminate against the Plaintiff, much less intentionally, and the Plaintiff cannot prove his damages, including his compensatory damages.

## FIFTH DEFENSE

Plaintiff has not complied with her common law duty to mitigate his damages. Additionally, to the extent the Plaintiff has mitigated any damages, Bennett Auto is entitled to a set-off for any interim earnings, benefits, entitlements, payments, or other income/compensation of any kind, plus a reduction in back pay to the extent that Plaintiff could have but did not work after his employment with Bennett Auto ended.

## SIXTH DEFENSE

Plaintiff's claims are barred to the extent that the applicable statute of limitations and/or doctrine of laches apply, and they do here because the First Amended Complaint contains many claims that are barred because they occurred more than 300 days from the filing of the charge of discrimination and more than 1 year before termination.

## SEVENTH DEFENSE

Bennett Auto asserts that all employment-related decisions made with respect to Plaintiff, or that affected Plaintiff, were made for legitimate, non-discriminatory and/or non-retaliatory reasons.

## EIGHTH DEFENSE

Plaintiff's claims are barred to the extent that his lawsuit includes allegations of discrimination beyond the scope of his charge of discrimination, and/or that he failed to adequately exhaust administrative remedies, including, among other things, that Plaintiff did not

exhaust administrative remedies that Bennett Auto regarded him as disabled or had a record that he was disabled.

## NINTH DEFENSE

The Plaintiff could not perform the essential functions of the position.

## TENTH DEFENSE

The Plaintiff would have been fired even had Bennett Auto taken any alleged disability Plaintiff may have into account because he wrecked a company vehicle.

## ELEVENTH DEFENSE

Pursuant to the disability discrimination claims, the Plaintiff was not and is not disabled, he was not qualified for his position, he did not suffer adverse employment action, he was not subjected to discrimination because of any disability, and the chain of causation was severed when so many years went by with Plaintiff as a driver rather in a counterperson position.

## TWELFTH DEFENSE

Plaintiff is not entitled to punitive damages, because people high enough up in the organization did not make decision concerning him, and did not act with malice or reckless indifference.

## THIRTEENTH DEFENSE

Plaintiff never requested a reasonable accommodation, and no accommodation(s) of any type were warranted or appropriate, and Plaintiff cannot meet his burden to identify that he was not a direct threat and/or that there were reasonable accommodations available, and this any attempt to bring such a claim is barred.

## RESERVATION OF AFFIRMATIVE DEFENSES

Bennett Auto reserves the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE, Bennett Auto, having fully answered the Complaint and having raised legal defenses thereto, requests that this action be dismissed with prejudice, in its entirety, and that Bennett Auto be awarded costs, including reasonable attorneys' fees.

                                                                          Respectfully submitted,

                                                                          Glasser & Kleppin, P.A.
Attorneys for Bennett Auto
8751 W. Broward Blvd.
Suite 105
Plantation, FL 33324
Tel.  (954) 424-1933
Fax  (954) 474-7405
E-mail:  ckleppin@gkemploymentlaw.com


By:  s/Chris Kleppin
     Chris Kleppin
     Fla. Bar No. 625485

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 27, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record (Barry Mittelberg, Esq.) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

                By:  s/Chris Kleppin
                     Chris Kleppin
                     Fla. Bar No. 625485